**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                        No. 00-4609

KENNETH EVAN TALLENT,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-143-V)

Submitted: June 8, 2001

Decided: October 19, 2001

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

### COUNSEL

Anthony G. Scheer, RAWLS & DICKINSON. P.A., Charlotte, North Carolina, for Appellant. Kenneth Michel Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kenneth Evan Tallent appeals the twenty-four month sentence imposed by the district court following his guilty plea to using and aiding and abetting in the use of unauthorized access devices with the intent to defraud, in violation of 18 U.S.C. §§ 2, 1029(a)(2) (1994). Tallent's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and Tallent has filed a supplemental brief. For the reasons explained below, we affirm in part, vacate in part, and remand for further proceedings.

Tallent contends the district court erred in sentencing him to twenty-four months' incarceration and three years of supervised release. After a thorough review of the record, including Tallent's plea agreement with the Government and the transcript of his hearing pursuant to Fed. R. Crim. P. 11, we conclude Tallent knowingly and intelligently waived his right to appeal his sentence. We therefore find Tallent is barred from asserting his sentencing claim on appeal by virtue of his valid appeal waiver.

Tallent also contends his counsel was ineffective in several respects. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. We find the record in the instant case does not conclusively establish Tallent's counsel was ineffective. Therefore we do not address this issue on direct appeal. Tallent may assert his claim in a § 2255 habeas motion, if he so chooses.

Tallent further contends the district court erred in ordering him to pay $32,121.72 in restitution. Because Tallent did not object to the restitution order at trial, this Court reviews the order for plain error. *See United States v. Ubakanma*, 215 F.3d 421, 427 (4th Cir. 2000).

We find the district court properly ordered Tallent to pay $32,121.72 in restitution pursuant to the Mandatory Victims Restitution Act, 18 U.S.C.A. §§ 3663A, 3664 (West 2000), and Tallent's plea agreement. However, we find the district court plainly erred in ordering the restitution due in full immediately without making a factual finding keying the statutory factors to the type and manner of restitution ordered and determining that compliance is feasible. *See United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir.), *cert. denied*, 529 U.S. 1121 (2000). Therefore, we vacate Tallent's restitution order and remand for further factual findings.

Pursuant to *Anders*, we have reviewed the record and find no further error. Accordingly, we affirm Tallent's sentence of imprisonment and term of supervised release. We vacate the restitution order, however, and remand for further proceedings on that aspect of the court's order. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*